**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1629**

NATHANIEL M. COSTLEY, SR.,

        Plaintiff - Appellant,

    v.

COMISSIONER, SOCIAL SECURITY,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Ellen L. Hollander, District Judge.  (1:18-cv-00179-ELH)

Submitted:  November 25, 2019          Decided:  December 17, 2019

Before WILKINSON, NIEMEYER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nathaniel M. Costley, Sr., Appellant Pro Se.  Lindsay Nicole Norris, Special Assistant
United States Attorney, Office of General Counsel, SOCIAL SECURITY
ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel M. Costley, Sr., appeals the district court's orders adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of his application for disability insurance benefits. He also appeals from the district court's order construing his late-filed objections as a Fed. R. Civ. P. 59(e) motion and denying that motion. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Costley's claims, and the ALJ's factual findings are supported by substantial evidence. Moreover, we find no abuse of discretion by the district

2

court in construing Costley's late-filed objections as a Rule 59(e) motion and, after consideration of the arguments presented, in denying the motion. Accordingly, we affirm the district court's judgment upholding the denial of Costley's application for disability insurance benefits and denying his motion for reconsideration of that order. *See Costley v. Comm'r, Soc. Sec.*, No. 1:18-cv-00179-ELH (D. Md. Oct. 16, 2018 & May 9, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*